Rev. 5/85)  Criminal Complaint

# United States District Court

## DISTRICT OF _____Delaware_____

UNITED STATES OF AMERICA
### V.

Willie Anderson and
Eric Sampson

## CRIMINAL COMPLAINT

CASE NUMBER: 05-81M-MPT

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___April 28, 2005___ in ___Kent___ county, in the _____ District of ___Delaware___ defendant(s) did, (Track Statutory Language of Offense)

knowingly possess with the intent to distribute greater than 50 grams of a mixture and substance containing a detectable amount of cocaine base, a controlled substance, and the defendants knowingly conspired to commit that offense

in violation of Title ___21___ United States Code, Section(s) ___841(a)(1) and 846___.

I further state that I am a(n) ___Deputized DEA Task Force Officer___ and that this complaint is based on the following
Official Title

facts:     see attached affidavit

Continued on the attached sheet and made a part hereof:     ☒ Yes     ☐ No

Signature of Complainant

Ronald Marzec
Deputized DEA Task Force Officer

Sworn to before me and subscribed in my presence,

Wilmington, Delaware

at     _____
City and State

_____
Date

Honorable Joseph J. Farnan, Jr.
United States District Court

Signature of Judicial Officer

_____
Name & Title of Judicial Officer

AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT/COMPLAINT
SUBMITTED BY TFO RONALD MARZEC, ASSIGNED TO DEA DOVER TASK
FORCE

1.  Your affiant, Ronald Marzec is a deputized DEA Task Force Officer assigned to
    the DEA Dover Task Force, Dover, Delaware. Your affiant has been a sworn law
    enforcement officer (Delmar Delaware Police Department) since January 1994.
    Your affiant has been a member of the DEA Dover Task Force (DTF) since on or
    about July 1997. Through the course of his law enforcement career, your affiant
    has been involved in numerous investigations concerning the distribution of illicit
    narcotics. Your affiant has also received the appropriate training with regards to
    the enforcement of narcotics investigations, and identification of narcotics. The
    following information is provided in support of this affidavit and includes
    information your affiant has received from DEA Confidential Sources of
    Information, other Sources of Information, from other law enforcement officers,
    and your affiant's personal knowledge.

2.  On or between February through April 28, 2005, your Affiant has taken part in an
    investigation relating to the cocaine distribution/trafficking activities of Eric
    SAMPSON                          and Willie Anderson.
    During this period DEA Dover Task Force Personnel, to include your affiant,
    conducted controlled purchase of cocaine base from SAMPSON; these purchases
    were recorded by DEA personnel. On at least one occasion, ANDERSON was
    observed with SAMPSON during the delivery of cocaine base. ANDERSON
    stated that he was a citizen of the British West Indies. ANDERSON had no
    knowledge as to his U.S. Residency status.

3.  On or about April 28, 2005, DEA Dover Task Force Personnel, along with other
    members of law enforcement established surveillance in the area of SAMPSON's
    residence located in Brigeville, Delaware. On this date, SAMPSON agreed to
    provide a DEA Confidential Source (CS) with approximately three (3) ounces of
    cocaine base for a price of $3600.00. Surveillance was established at the
    SAMPSON residence. During surveillance ANDERSON arrived at the
    SAMPSOSN residence operating a vehicle owned by
    ANDERSON's girlfriend. SAMSPON agreed to meet with the CS at a pre-
    determined location to deliver the cocaine base.

4.  On this date, SAMPSON and ANDERSON arrived at the meet location. Officers
    identified themselves, and attempted to arrest subjects. At this point, both
    subjects attempted to flee from the scene. Subjects were eventually detained by
    law enforcement. A search of ANDERSON's person revealed that he had

approximately 52 grams of cocaine base. A search of the vehicle operated by ANDERSON, with SAMSPSON as the passenger revealed an additional 49 grams of cocaine base, which was visible to both subjects based on the location of where the cocaine base was at. An additional 5 grams of cocaine base were located in the ashtray area of the vehicle. Your affiant conducted a Field Test of the substances. The substances referenced (approx. 100 grams) tested positive for the presence of cocaine hydrochloride.

5. Post arrest/Post-Miranda warning statements provided by subjects to DEA personnel revealed that ANDERSON admitted that he had "stolen" the drugs found on his person from an unidentified drug dealer in Seaford, Delaware earlier on this date. SAMPSON admitted to contacting ANDERSON in order to procure the narcotics for sale to an individual he now believes to be a Police Officer.

TFO Ronald Marzec